KUHLMAN et al. v. HOUSTON BELT & TERMINAL RY. CO. (No. 3218.)

(Court of Civil Appeals of Texas. Texarkana. April 7, 1926. Rehearing Denied April 15, 1926.)

1. Eminent domain ⬅323.

Abandonment by railway company of right to use land condemned for right of way purposes cannot be predicated on nonuser alone.

2. Eminent domain ⬅323—Nonuser of land, condemned for right of way, when accompanied by intent never to use such land, operates as abandonment.

Nonuser of land, condemned for right of way purposes by railway, when accompanied by an intent never to so use such land, operates as an abandonment.

3. Eminent domain ⬅323—Nonuser of land, condemned for right of way purposes, if long continued, is evidence of intent to abandon.

Nonuser of land, condemned for right of way purposes, if long continued, is evidence of intention to abandon right to use it.

4. Eminent domain ⬅323—Evidence held to make question of railway's intent to abandon right to use land, condemned for right of way purposes, one for jury.

Evidence that railway had made no use whatever of land, condemned for right of way purposes for over 19 years, held to make question for jury as to its intent to abandon right to use such land.

5. Eminent domain ⬅323.

Testimony of railroad officials held not conclusive of question whether railway intended to abandon land, condemned for right of way purposes.

Appeal from District Court, Harris County; W. E. Montieth, Judge.

Action by George Kuhlman and others against the Houston Belt & Terminal Railway Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

By a judgment rendered December 26, 1905, 18.97 acres of described land in Harris county, belonging to appellants, or those whose title they have, were condemned for use by appellee in the construction and maintenance thereon of a line of railway. This suit by appellants against appellee was in form one of trespass to try the title to said land. The ground upon which appellants sought to recover was that appellee abandoned any intention it ever had to use the land for the purpose for which it was condemned. At the trial appellee admitted it had never "built upon or used said right of way for any purpose," but it insisted it had all the time intended, and still intended, to use the land for the purpose for which it was condemned, and, therefore, that its failure to use it in the past was not in law an abandonment of rights it acquired by the condemnation proceedings resulting in the judgment referred to above. It appeared from testimony heard at the trial that the land in question was condemned in 1905 for use as a right of way for a part of appellee's then contemplated line of railway designated as the "West Belt Line." Said West Belt Line, and no part of it, it seems, at the time of the trial had ever been built, but appellee's chief engineer and its general manager testified that appellee's intention existing in 1905 to build it had never been abandoned, and that in December, before the trial in February, 1925, appellee had arranged for money necessary to pay the cost of building it. Concluding from the testimony that it appeared as a matter of law that appellee had not abandoned the right of way it acquired in 1905, as stated,

the trial court discharged the jury impaneled to try the case, and then rendered judgment that appellants take nothing by their suit, and that appellee "have an easement for right of way purposes over and across" the land in controversy.

Ward & Ward, of Houston, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

WILLSON, C. J. (after stating· the facts as above). The contentions in appellants' brief are: (1) That the question as to whether appellee abandoned the intention it had in 1905 to use the land for right of way purposes was one of fact, and that the trial court therefore erred when he treated it as one of law and refused to submit it to the jury; (2) that the legal effect of the·judgment was to vest the title to the land in appellee, whereas it was not entitled in any event .to. an award of anything more than a right to use the land for the purpose for which it was condemned.

In disposing of the appeal, it will not be necessary to again refer to the second one of the two contentions, for we think the first one must be sustained and the judgment reversed and the cause remanded for a new trial.

Appellee admitted at the trial (which was in February, 1925) that it had never "built upon or used" the land for.any purpose, and that same was then, and "for several years last past" had been, in the possession of appellants.

[1-3] It is held that abandonment by a railway company of a right to use land, condemned for right of way purposes, cannot be predicated on nonuser alone of such land for such purposes. 20 C. J. 1235. But it also is held that such nonuser, when accompanied by an intent never to so use the land, operates as an abandonment of such right. Tel. Co. v. Ry. Co., 89 So. 518, 206 Ala. 368. It is also held that such nonuser, if long continued, is evidence of such intent (Home Real Estate Co. v. Los Angeles Pacific Co., 126 P. 972, 163 Cal. 710); and in Ry. Co. v. Clark (Tex. Civ. App.) 146 S. W. 989, it was held that the failure of the railway company for seven years to use land condemned for its purposes "raised a legal presumption of the intention to give up the right of easement and cast the burden of proof. upon the company to explain the nonuser, and to show it had a definite intention to use the property for a purpose for which it was condemned at a fixed time, or upon the happening of some well-defined contingency." And see Muhle v. Ry. Co., 25 S. W. 607, 86 Tex. 459.

[4] As noted in the statement above, appellee admitted at the trial that it had made no use whatever of the land from 'the time it had it condemned in 1905 to the time of the trial in 1925—a period of 19 years, or ·longer. It would seem, therefore (unless the holdings in the cases referred to. above should be ignored, and we see no reason in law why they should be), that a jury might have found that appellee had abandoned the intention it had in 1905 to use the land for right of way purposes. If they might, then, of course, it was error for the court to take the case from them as he did.

[5] Appellee's argument in support of the action of the trial court is that the testimony of its chief engineer and general manager referred to in the statement above "conclusively rebutted" any presumption arising from its failure for 19 years to use the land. It insists that—

"The rule now is that, even where circumstances are sufficient to raise prima facie the issue of abandonment, nevertheless those circumstances do not go further than to raise that issue, and any inference therefrom may be conclusively rebutted and the prima facie issue destroyed."

Assuming that the rule is as appellee states it, it cannot be said that the testimony of its chief engineer and general manager referred to' in the statement above "conclusively rebutted" the presumption arising (according to the holding of the court in the case last cited) from the long-continued nonuser of the land. It is held that the testimony of railway officials is not conclusive of the question as to whether the company intended to abandon a right of way it had acquired or not. Ry. Co. v. Ry. Co., 166 P. 163, 64 Okl. 62; Ry. Co. v. Clapp, 66 N. E. 223, 201 Ill. 418.

The judgment is reversed, and the cause is remanded to the court below for a new trial.